John L. Rizzo, Esq. County Attorney, Genesee
I am writing in response to your request for an opinion as to whether Genesee County employees holding the title of "jailer" fall within the definition of peace officer under the Criminal Procedure Law.
According to telephone conversations with your office, the official civil service title of prison guards in Genesee County is "jailer". This is the only title used for prison guards; there is no "correction officer" title. On a day-to-day basis, however, the guards are referred to as correction officers, and their badges identify them as correction officers. They substantially perform the duties currently associated with correction officers. You have asked whether these guards fall within the definition of peace officer found in Criminal Procedure Law, § 2.10.
The various positions of public employment which have peace officer status are listed in section 2.10 of the Criminal Procedure Law. Subdivision 25 of section 2.10 refers to corrections officers and provides as follows:
 "Officials, as designated by the commissioner of the department of correctional services pursuant to rules of the department, and correction officers of any state correctional facility or of any penal correctional institution".
The language "any penal correctional institution" appears broad enough to include correction officers of a county jail. Previously, the definition of peace officer was found in section 154 of the Code of Criminal Procedure (1881): "A peace officer is * * * an attendant, or an official, or guard * * * of any penal correctional institution * * *". Under this standard, we previously found that a county jail was a penal correctional institution, and a guard at a county jail was a peace officer (1970 Op Atty Gen [Inf] 49). Although other aspects of the definition of peace officer have changed, the language "any penal correctional institution" remains the same, and should be similarly construed (see also, People v Marrero, 71 A.D.2d 346 [1st Dept, 1979]). Further, because these "jailers" substantially perform the duties of correction officers, they should be considered correction officers for purposes of section 2.10 of the Criminal Procedure Law. Accordingly, we conclude that persons who perform the duties of correctional officers at a county jail are peace officers within the meaning of the Criminal Procedure Law.
You have also asked whether these same employees are entitled to the coverage provided to certain law enforcement officials under section207-c of the General Municipal Law. Section 207-c provides that certain peace officers, including "correction officer[s] of the sheriff's department of any county", are entitled to receive medical and salary benefits until an appropriate physician's certificate states that he or she is capable of returning to work (see 1980 Op Atty Gen [Inf] 265).
In our opinion, if a person's duties include those normally associated with those of a correction officer, they would fall within this section, notwithstanding the fact that their title is something other than "correction officer". Accordingly, we conclude that employees of Genesee County who perform the duties of correction officers are entitled to the coverage found in section 207-c of the General Municipal Law.